UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                      :

STEVE ROSADO,                     :

                            Petitioner,   :

               -v-                  :

DAVID M. UNGER, Superintendent of   :
Wyoming Correctional Facility,        :

                         Respondent.  :
------------------------------------------------------------X

11 Civ. 3747 (KBF)

MEMORANDUM DECISION
& ORDER

KATHERINE B. FORREST, District Judge:

Pro se petitioner Steve Rosado was convicted after a jury trial in New York

State Supreme Court of four counts of rape in the second degree, four counts of rape

in the third degree, and two counts of endangering the welfare of a child.

Rosado now brings this petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 (the "petition"), challenging his conviction on multiple grounds:

(1) the trial court improperly denied petitioner's challenge to the prosecution's

peremptory strikes of all Hispanic venirepersons, in violation of Batson v.

Kentucky, 476 U.S. 79 (1986); (2) the state trial and appellate courts improperly

denied petitioner access to the trial transcript in violation of the Equal Protection

Clause and Griffin v. Illinois, 351 U.S. 12 (1956); (3) the trial court improperly

discharged a juror (over objection) who stated she could remain impartial; (4) the

trial court improperly precluded petitioner's counsel from cross-examining the

alleged minor victim (the "complainant") about statements that bore on her

credibility; and (5) the trial court improperly admitted prejudicial evidence that petitioner participated in telephone calls with the complainant and another underage woman.

The petition was referred to the Honorable Theodore H. Katz for a report and recommendation. Judge Katz's careful and thorough report and recommendation ("R&R"), filed May 4, 2012, recommends that the petition be denied in its entirety. Petitioner filed his objections to the R&R on June 6, 2012 (per the Court's permission), objecting to two of the R&R's findings on his five claims.

For the reasons discussed below, the Court adopts the R&R's recommendation that the petition be denied as to the three unobjected-to claims, reviews the objected-to claims de novo, and denies the petition in its entirety.

I.    DISCUSSION

The factual and procedural background of this action are fully set forth in the R&R. (See ECF No. 31 at 2-12.) Familiarity with that background is presumed.

A.    Legal Standard

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted by Congress in 1996, sets forth the standard by which a habeas court must review a petitioner's claim for relief. AEDPA bars a federal court from granting habeas relief to a state prisoner unless the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). State court decisions are presumed correct, and petitioner

has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court must, however, conduct a de novo review of those sections of a report and recommendation to which a petitioner objects. 28 U.S.C. § 636(b)(1). Where no objection has been made, a district court may adopt the report and recommendation (or those portions not objected to) if no clear error is apparent from the record. Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The same standard applies if a petitioner's objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." Kelly v. Lempke, No. 08 Civ. 8241, 2012 WL 5427909, at *1 (Nov. 7, 2012) (quotation marks omitted).

Here, petitioner objects to the R&R's conclusions as to two of his claims: that the trial court improperly found that the prosecution's reasons for striking Hispanic venirepersons was credible and not pretextual sufficient to survive Batson; and that the trial court improperly discharged a juror (over petitioner's objection) who had attested to her ability to remain partial.

B.   Unobjected to Claims

Petitioner does not object to the R&R's recommendations with respect his claims that the state courts violated the Equal Protection Clause by denying petitioner access to the trial transcript; that the trial court precluded petitioner's

counsel from cross-examining the complainant about statements that bore on her credibility in violation of the Confrontation Clause; and that the trial court improperly admitted prejudicial evidence that petitioner participated in telephone calls with the complainant and another underage woman.

The Court is satisfied from the record that the R&R has thoroughly and thoughtfully reviewed those claims; the R&R's findings recommending denial as to those three claims is correct--and not clearly erroneous.

C.   Batson Challenge

Petitioner argues that following a Batson hearing the trial court erred in finding that the prosecution's reasons for striking all Hispanic venirepersons were credible and not pretextual. As to that claim, the Appellate Division concluded: "The [trial] court's findings at the [Batson] hearing, which rested upon its assessment of the prosecutor's credibility, are entitled to great deference, and we discern no reason to disturb them." People v. Rosado, 53 A.D.3d 455, 455, 862 N.Y.S.2d 41 (1st Dep't 2008).

It is well-settled that the Equal Protection Clause of the Constitution forbids a prosecutor from challenging jurors solely on the basis of race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). A defendant claiming a Batson violation must make a prima facie showing of "purposeful discrimination" by the prosecutor. Id. at 94. To do so, the defendant must show that he is a member of a "cognizable racial group" and that the prosecution exercised its peremptory challenges to strike from the venire members on account of their membership in "some cognizable racial

4

group." Green v. Travis, 414 F.3d 288, 296-97 (2d Cir. 2005) (quotation marks omitted).  If the defendant makes such a showing, the burden shifts to the prosecution to adduce race-neutral reasons for striking the jurors in question.  See Batson, 476 U.S. at 97-98; Purkett v. Elem, 514 U.S. 765, 767-78 (1995) (per curium).  If the prosecution sustains its burden, the burden returns to the defendant to demonstrate purposeful discrimination.  Purkett, 514 U.S. at 768.  It is the province of the trial court to make a determination on whether the defendant has sustained his or her burden in that regard.  Id.

On federal habeas review, "the credibility findings a trial court makes in a Batson inquiry are reviewed for clear error." Rice v. Collins, 546 U.S. 333, 338 (2006).  Under AEDPA, a petitioner is afforded habeas relief on a Batson challenge only if the federal habeas court determines that the state court has made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with all habeas claims, a federal habeas court accords great deference to the trial court's credibility determinations in a Batson hearing.  Felker v. Jackson, 131 S. Ct. 1305, 1307 (2011); Miller-El v. Cockrell, 537 U.S. 322, 339 (2003) ("'Deference to trial court findings on the issue of discriminatory intent makes particular sense in this context because, as we noted in Batson, the finding largely will turn on evaluation of credibility.'" (quoting Hernandez v. New York, 500 U.S. 352, 365 (1991))).  In other words, this Court may only grant Rosado relief on his Batson claim if it the trial

court unreasonably credited the prosecution's race-neutral explanations for the exercise of its peremptory challenges for Hispanic venirepersons.

Here, there is no question as to the first step in the Batson analysis--the trial court found a prima facie case of discrimination with respect to Hispanic venirepersons. In addition, that step is irrelevant where, as here, the trial court proceeded to a Batson hearing on the second and third steps of the analysis. Hernandez, 500 U.S. at 359. Thus, this Court must determine whether the trial court properly credited the prosecutor's race-neutral explanations for striking the Hispanic venirepersons--and whether petitioner has offered any basis on which to find those explanations pretextual.

In explaining its peremptory strikes during the Batson hearing, the prosecution referred to (1) juror Blanco's brother's prior experience with the criminal justice system; (2) juror Mejia's work in social research (which the prosecution considered a "helping profession") and his ex-wife's occupation as a social worker; (3) juror Alberto's reticence to serve on a jury as well as the fact that his health problems would cause his absence from--or inattentiveness to--the trial proceedings; and (4) juror Erazo's prior seating on a juror that did not reach a verdict, as adequate justifications for striking those jurors. (See Batson Hearing Tr. 32-39, Dec. 20, 2007.) Case law supports all of those justifications as previously having been determined to be race-neutral. See Green, 414 F.3d at 300-01 (avoidance of jurors "who had family members had either been arrested or undergone negative experiences with the police" was race-neutral and appropriate);

Rodriguez v. Senkowski, 03 Civ. 3314, 2004 WL 503451, at *33 (S.D.N.Y. Mar. 15, 2004) (adopted July 6, 2004, ECF No. 37 (Preska, C.J.)) (approving the trial court's determination that the prosecution's striking a Latino venireperson because of a career as a social worker); Valentine v. New York, 252 F. Appx. 388, 389 (2d Cir. 2007) (affirming the district court's denial of habeas relief on a Batson claim where the prosecutor's race-neutral justification for striking a juror was the juror's inattentiveness);[1] U.S. v. Ruiz, 894 F.2d 501, 506-07 (2d Cir. 1990) (denying a Batson challenge to the striking of a Hispanic juror who had previously sat on two hung juries).[2]

In his objections, petitioner raises issues with respect to the trial court's findings as to three of the Hispanic venirepersons (and the R&R's failure to address those findings).  Specifically, petitioner contends: (1) the prosecution's race-neutral explanation for striking Erazo was pretextual because the prosecution seated a non-Hispanic venireperson who had served on a non-verdict civil trial; (2) the trial court failed to properly question juror Meija regarding when his ex-wife worked as social worker (i.e., before or after the divorce); and (3) the trial court improperly found the prosecution's rationale as to juror Alberto credible even though "Alberto never stated he could not perform jury (service) duty due to his" medical condition.  None of those objections has merit.

---

[1] See also Baker v. Bennett, 235 F. Supp. 2d 298, 312 (S.D.N.Y. 2002) ("[C]ourts have frequently found factors such as age, ability to pay attention, and types of employment to be acceptable race-neutral criteria for peremptory challenges.").

[2] See also Grate v. Hunt, 06 Civ. 4981, 2010 WL 185651, at *4 (E.D.N.Y. Jan. 11, 2010) ("A prospective juror's prior experience of serving on a hung jury has been recognized as a race-neutral reason for a peremptory challenge." (quotation marks omitted)).

Each of petitioner's objections either simply disagrees--without adequate basis or rationale--with the state trial court's findings, or is asking this Court to reexamine the trial court's credibility determinations. Given the great deference accorded to such determinations (including whether proffered explanations are pretextual on <u>Batson</u> challenges), this Court will not accept that invitation based upon the record before it. In addition, those arguments do not raise an inference of pretext as to the prosecution's explanations themselves. At base, petitioner has not demonstrated that the trial court made an unreasonable determination as to the prosecution's rationales for striking the Hispanic venirepersons in light of the evidence before it.

Accordingly, petitioner's request for relief on this basis is denied.

D.   <u>Sixth Amendment Challenge to Discharge of a Juror</u>

Petitioner also argues that the trial court violated his Sixth and Fourteenth Amendment rights by improperly dismissing a juror who had engaged in juror misconduct, but swore she could remain impartial.

During the trial, the trial court found--after an inquiry of the juror herself as well as others--that the juror passed a note to a court officer regarding one of the witnesses, made a remark during the complainant's cross-examination regarding inconsistencies in her testimony, and made negative comments about the complainant's appearance. The trial court concluded that such conduct amounted to "gross misconduct" under New York Crim. Proc. Law § 270.35(1), and thus required

dismissal despite the juror's averment that she could remain impartial; she had already determined that she was not and could not.

The Appellate Division held that the trial court properly concluded that the juror had already formed an opinion about the complainant's credibility as well as petitioner's "guilt or non-guilt" and thus, properly discharged the juror. Rosado, 53 A.D.3d at 457.

A writ of habeas corpus is meant to redress violations of a petitioner's federal constitutional rights. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). But a trial court's discharge of a juror based upon "gross misconduct" under N.Y. Crim. Proc. § 270.35(1) involves only an application of state law and does not present a federal constitutional question cognizable on habeas review. See, e.g., Friskco v. Woods, 06 Civ. 5396, 2007 WL 2366103, at *5 (E.D.N.Y. Aug. 16, 2007) ("The trial court based its determination to dismiss the juror on C.P.L. § 270.35(1) and case law in that jurisdiction. Since Friskco's claim involves only an application of state law, there is no federal constitutional basis for habeas corpus review."); Ford v. Crinder, 97 Civ. 3031, 2001 WL 640807, at *4 (S.D.N.Y. June 8, 2001) ("There is no federal constitutional requirement that the composition of the jury [i.e., replacement of one juror with an alternate] remain unaltered throughout a criminal trial.").[3]

---

[3] Even if such a claim was cognizable on habeas review, "the finding that a juror is incapable of rendering an impartial verdict is a factual determination involving credibility and, therefore, is granted particular deference." Ford, 2001 WL 640807, at *4. Even if this Court were to review such

Accordingly, petitioner's request for habeas relief based upon the trial court's dismissal of one juror for "gross misconduct" is denied.

II.   CONCLUSION

For the reasons stated above, the Court adopts the unobjected-to portions of the R&R.

The petition for writ of habeas corpus is DENIED in its entirety.

Petitioner's motion for access to his state court trial transcripts is denied as moot.[4]

In addition, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore unwarranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

---

a claim, it would not supplant its own judgment for that of the trial court who conducted its own, independent inquiry of the alleged offending juror (and others) regarding the juror's impartiality.

[4] Habeas Corpus Rule 6 provides for certain discovery to habeas petitioners where the petitioner has shown "good cause" for discovery to prove his claim. 28 U.S.C. § 2254 Rule 6. Here, petitioner requested his pretrial/trial state court transcripts in advance of the issuance of the R&R for the purpose of objecting to the R&R. (See ECF No. 30.) Rule 6 is intended to provide a habeas petitioner with discovery that "would support his habeas corpus petition." "Good cause" for such discovery is shown when the petitioner provides "specific allegations" demonstrating "that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (quotation marks and alterations omitted). Petitioner has not provided any basis in his objections to the two portions of R&R discussed above to demonstrate that access to the pretrial and trial transcripts would demonstrate that he could prevail on any of his claims.

The Clerk of Court is directed to dismiss this petition, to terminate the

motion at Docket No. 30, and to terminate this action.


SO ORDERED:

Dated:      New York, New York
            November 20, 2012


_____
KATHERINE B. FORREST
United States District Judge


Copy to:

Steve Rosado
DIN# 05-A-6042
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070-0311